# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DOUGLAS E. CAUSEY,                                                                       PLAINTIFF
ADC #93679

v.                                        4:19-cv-00409-JM-JJV

HOLMAN, Deputy,
Pulaski County Regional Detention Facility; *et al.*                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Douglas E. Causey ("Plaintiff") is a pretrial detainee in the Pulaski County Regional Detention Facility ("PCRDF").   He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, an Addendum, and an Application to Proceed *In Forma Pauperis*. (Doc. Nos. 1, 2, 3.)

### II.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot

serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**III.   PLAINTIFF'S COMPLAINT**

Plaintiff alleges that, on April 13, 2019, he slipped and fell on water that was on the floor at the PCRDF. (Doc. Nos. 1, 2.) He claims Defendants Deputy Holman and Sheriff Higgins violated his constitutional rights by failing to prevent the fall and provide him with adequate medical care for his injuries. (*Id*.) Plaintiff has already raised these claims in *Causey v. Pulaski*

3

*County Medical*, 4:19-cv-00305-JM-JTK ("*Causey I*"), which is another lawsuit he currently has pending in this District.[1]

A court may dismiss a prisoner's complaint during § 1915A screening if it is duplicative of a previously filed case.  See *Gearheart v. Sarrazine*, No. 13-3031, 2014 WL 519995 (8th Cir. Feb. 11, 2014) (unpublished opinion) (affirming preservice dismissal of a prisoner's duplicative *Bivens* claim); *Aziz v. Burrows,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Van Meter v. Morgan*, 518 F.2d 366, 367-68 (8th Cir. 1975) (affirming preservice dismissal, as frivolous, of a prisoner's duplicative case that "deals with issues directly related, if not identical, to" those already asserted in a pending case).  The reasons for doing so are to prevent piecemeal litigation and forum shopping.

### IV.   Application to Proceed *In Forma Pauperis*

Because Plaintiff has already been ordered to pay the filing fee in monthly installments in *Causey I*, I recommend that the Application to Proceed *In Forma Pauperis* he has filed in this case be denied as moot.

### V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Complaint (Doc. No. 1) be DISMISSED without prejudice as being frivolous.

2.   Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 3) be DENIED as moot.

---

[1] Plaintiff named the PCRDF as a Defendant in both lawsuits.  However, as explained in *Causey I*, a jail cannot be sued in a § 1983 action.  See *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion).

     3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this recommendation would not be taken in good faith.

DATED this 19th day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE